IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE D. BROOKS, | § | |
| | § | |
| Defendant Below, | § | No. 241, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2011001029 (N) |
| | § | |
| Appellee. | § | |

Submitted:  September 6, 2022
Decided:    October 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)  The appellant, Tyrone Brooks, appeals from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brooks's opening brief that the appeal is without merit. We agree and affirm.

(2)  On December 1, 2021, Brooks pleaded guilty to possession of a firearm by a person prohibited ("PFBPP"); in exchange, the State dismissed other charges for which Brooks had been indicted. The State also agreed not to seek habitual-offender sentencing, which would have exposed Brooks to a sentence of up to life

in prison for the PFBPP offense. Brooks pleaded guilty to PFBPP as a Class C felony and agreed that he was subject to a minimum-mandatory sentence of ten years' incarceration.[1] Brooks and the State agreed to recommend a sentence of fifteen years of incarceration, suspended after ten years for decreasing levels of supervision, and that is what the Superior Court imposed. Brooks did not file a direct appeal. He did file a motion for modification of sentence, which the Superior Court denied.

(3) Brooks then filed a motion for postconviction relief. The Superior Court denied the motion,[2] and Brooks has appealed to this Court. This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[3] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[4] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[5]

---

[1] *See* 11 *Del. C.* § 1448(c) ("Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm . . . and the violation is one of paragraphs (a)(1)-(8) of this section, in which case it is a class D felony, or unless the person is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a class C felony."); *id.* § 1448(e)(1) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of: . . . c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").

[2] *State v. Brooks*, 2022 WL 2229780 (Del. Super. Ct. June 21, 2022).

[3] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[4] *Id.*

[5] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

2

(4) On appeal, Brooks argues that his counsel provided ineffective assistance because he filed a motion to suppress DNA evidence from the gun, arguing that the police did not obtain a warrant or Brooks's consent to obtain Brooks's DNA for comparison. The motion was based on an unsigned consent form (the "Defendant's Form") that counsel had located in his case file. The State attached to its opposition to the motion a consent form that included Brooks's signature (the "State's Form") and averred that the State had produced the State's Form to Brooks in discovery. The State also pointed out significant irregularities on the face of the Defendant's Form that, the State argued, suggested that the Defendant's Form had been altered from the State's Form. At the hearing that the Superior Court convened to consider the motion to suppress, Brooks conveyed that he was concerned that the motion to suppress would not be resolved in his favor and indicated that he wanted to plead guilty. After making clear that it had not made a decision on the motion because it had not yet heard any evidence, the court took a recess, during which Brooks and the State reached the plea agreement described above. Brooks claims that his counsel provided ineffective assistance by filing the motion to suppress based on the Defendant's Form and that "without the DNA the case would have been different, [and] I would've [gone] to trial."[6]

---

[6] Opening Brief at 4.

3

(5)    This claim of ineffective assistance of counsel is not procedurally barred.[7]   In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[8]   Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

(6)    Brooks has not established any prejudice from counsel's filing of the motion to suppress.  He contends that "without the DNA," he would have elected to proceed to trial rather than pleading guilty.  But he does not explain how the DNA would have been excluded *without* the filing of a motion to suppress, nor does he state any other grounds on which the DNA might have been excluded or how counsel's filing of the motion to suppress changed the result with respect to the DNA.  Ultimately, the Superior Court did not decide the motion to suppress because Brooks elected to plead guilty rather than to proceed with the suppression hearing. We therefore do not know whether the DNA would have been excluded on the basis of counsel's motion to suppress, but we do know that Brooks has not asserted any

---

[7] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").
[8] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[9] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

other grounds on which the DNA would have been suppressed. He therefore has not shown a reasonable probability that he would have proceeded to trial (and won) if counsel had not filed the motion to suppress.

(7)     Brooks also argues that the Superior Court erred by failing to "investigate" the origin of the Defendant's Form, which Brooks now contends is an illegal forgery. This claim is procedurally barred because it could have been asserted in the proceedings leading to the judgment of conviction but was not.[10] In any event, it is not the role of a trial court to "investigate" crimes. The transcript reflects that the Superior Court was appropriately prepared to hear evidence from the parties regarding the authenticity and origins of the State's Form and the Defendant's Form until Brooks elected to plead guilty rather than proceeding with the suppression hearing.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[10] DEL. SUPER. CT. R. CRIM. PROC. 61(i)(3).